UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ADAM GOBER,<br><br>　　　　　　　　　Plaintiff,<br>　v.<br>NEVADA SUPREME COURT, *et al.*,<br>　　　　　　　　　Defendants. | Case No. 3:20-cv-00594-MMD-WGC<br><br>ORDER |

On March 22, 2021, *pro se* Plaintiff Adam Gober was directed to either file a completed application to proceed *in forma pauperis* with accompanying financial certificate or pay the full filing fee. an amended complaint within 30 days. (ECF No. 3.) That deadline has now expired, and Gober has not filed an IFP application, paid the filing fee, or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Gober to file a completed IFP application expressly stated: "If Plaintiff fails to timely file a completed IFP application and financial certificate or pay the filing fee, or file a civil rights complaint, this action will be dismissed." (ECF No. 3 at 3.) Gober therefore had adequate warning that dismissal would result from Gober's noncompliance with the Court's orders to file his IFP application or pay the filing fee.

///
///
///
///
///
///

It is therefore ordered that this action is dismissed without prejudice based on Gober's failure to pay the filing fee or file an application to proceed *in forma pauperis* in compliance with this Court's orders.

DATED THIS 3rd Day of May 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE